*277 OPINION.
Turner:
The respondent has determined deficiencies against the petitioner for the years 1937, 1938, and 1939 under section 102 of the Revenue Acts of 1936 and 1938. These deficiencies were based on findings and a determination that during the years in question the petitioner’s earnings or profits were permitted to accumulate beyond the reasonable needs of its business and that it was availed of for the *278 purpose of preventing the imposition of surtax on its shareholders. The petitioner denies that its earnings or profits were permitted to-accumulate beyond the reasonable needs of its business or that it was availed of for the purpose of preventing the imposition of surtax on its shareholders.
Since its organization in 1921 the petitioner has enjoyed a very profitable and growing business. Its business is that of manufacturing automatic devices and controls and, since 1924, 98 or 99 percent of its entire output has been sold to the Iron Fireman Manufacturing Co. which is engaged in the manufacture and sale of combustion coal stokers. The relationship between the petitioner and Iron Fireman is solely that of manufacturer and customer and the business between them is conducted by oral agreement and on a year to year basis. The requirements of Iron Fireman are generally determined and arrived at through conferences at the beginning of the business year. The petitioner up to the date of the hearing has been able to retain the Iron Fireman’s business and to realize thereon a very large and satisfactory profit. In so doing, however, it has been required to meet substantial and aggressive competition and in recent years the margin of profit on its devices has noticeably failed to keep pace with its costs. Over the period of its existence the petitioner has accumulated a substantial surplus, ranging from $846,433.61 at January 1, 1937, to $456,070.09 at December 31,1939. The major portion of this surplus has not been required or used in the operations actually carried on. The facts show, however, that the market and principal manufacturing plants of Iron Fireman are located in the eastern part of the United States, while petitioner’s manufacturing is all done in Portland, Oregon, and, further, that the competition in petitioner’s field has been growing from year to year, with the competitors much more advantageously located than petitioner. By reason of these facts and circumstances there is and has been present for a number of years the possibility that petitioner might lose its only customer, and it is the claim of petitioner that the surplus in question has been accumulated to meet that contingency and that it is not excessive in amount nor beyond the reasonable needs of the business.
We thus have a situation where a taxpayer has a substantial surplus which is not used and is not required in the business as it has been operated from year to year and will not be needed or required so long as the business continues in its present state. It is the claim of the respondent that, since the contingency did not happen in any of the taxable years and has not since happened, it must be regarded as too remote to take the petitioner outside the provisions of section 102, supra, so as to relieve it of liability for the deficiencies determined. While much of petitioner’s brief is devoted to matter which *279 would be pertinent only in support of a motion for rehearing and to other matter of no importance here, it does advance the proposition that, even though the facts as to the current use of the accumulated surplus are generally true as stated and the business is still profitable, the dependency of the business upon the good will and continued patronage of one customer over which petitioner has no control, the disadvantageous location of petitioner’s plant in meeting the requirements of that one customer, and the growing competition from competitors in better locations constitute an ever present danger and existing threat to its business. It is argued that sound business policy required the accumulation of a surplus sufficient to meet the happening of such contingencies and that meeting of those contingencies would require petitioner to go into the open market for customers, to enter fields in which it now has no good will or standing, and most likely to remove its plant to the eastern part of the United States, whether it be for the purpose of retaining the business of its present customer or supplying the needs of new customers. It is further argued and contended that the surplus accumulated and existing during the taxable years was not in excess of that reasonably required, due regard being given to the contingencies outlined.
It is our opinion that the record adequately shows the need of some reserve or surplus, as the petitioner contends. While it is true that petitioner has continuously and profitably operated and has succeeded in retaining its one customer, and there is no indication that it intends voluntarily to make any change, in its business, it is also true that the contingencies in question are real, they are and have been continuously present, and the exercise of sound business judgment would not permit their being ignored. They are not remote and unproven as in the case of Wilkerson Daily Corporation, Ltd., 42 B. T. A. 1266; affd., 125 Fed. (2d) 998, and William C. DeMille Productions, Inc., 80 B. T. A. 826. Neither, as in those cases, has the conduct of the petitioner or its stockholders furnished any basis for the conclusion that the real purpose for the accumulation was in any way different from that now claimed. See and compare National Grocery Co. v. Commissioner, 304 U. S. 282; Almours Securities, Inc. v. Commissioner, 302 U. S. 765; and Reynard Corporation, 37 B. T. A. 552. To the contrary, we have here a situation comparable to that dealt with in Cecil B. DeMille, 31 B. T. A. 1161; affd., 90 Fed. (2d) 12, and Fisher & Fisher, Inc., 32 B. T. A. 211; affd., 84 Fed. (2d) 996. It is our opinion, and we so conclude, that a reasonable business need did exist for the accumulation of a reserve to meet the contingencies outlined.
As to the reasonableness of the amount of surplus accumulated, the record is not so clear. A number of witnesses were called by the *280 petitioner to give opinion testimony, and, while opinion testimony at its best is not too impressive, the witnesses were all in accord in the opinion that the accumulations during the taxable years were not excessive when the facts outlined herein are considered. The respondent relied on his cross-examination of the petitioner’s witnesses and the testimony of the revenue agent. After careful consideration of the testimony offered, we conclude that the surplus accumulated during the years 1937, 1938, and 1939 was not beyond the reasonable needs of the petitioner’s business and hold that the petitioner was not availed of for the purpose of preventing the imposition of the surtax upon its stockholders within the meaning of section 102 of the statute.

Decisions will Toe entered under Bule 50.